IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH,  CENTRAL DIVISION

| | |
|---|---|
| CHRISTIE L. TURRUBIARTEZ,<br><br>                         Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br><br>                         Defendant. | **MEMORANDUM DECISION AND ORDER AFFIRMING IN PART AND REMANDING IN PART THE DECISION OF THE COMMISSIONER**<br><br>Case No. 2:16cv105-BCW<br><br>Magistrate Judge Brooke Wells |

Plaintiff Christie L. Turrubiartez ("Plaintiff") seeks judicial review of the decision of the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act.[1]  After careful consideration of the record and the briefs filed by counsel, the Court has determined that oral argument is unnecessary and decides this case based upon the record before it.[2]  For the reasons set forth below, the Court affirms-in-part and remands-in-part the decision of the Administrative Law Judge ("ALJ").[3]

## BACKGROUND[4]

In July 2012, Plaintiff filed her Social Security application alleging a disability onset date of July 20, 2012.  Her application was denied and a hearing was held before the ALJ on May 13,

---

[1] 42 U.S.C. § 405(g).

[2] *See* Scheduling Order, Docket no. 18 (noting that "[O]ral argument will not be heard unless requested at the time of filing first brief by either party and upon good cause shown.").

[3] Because the Appeals Council denied review, the ALJ's decision is the Commissioner's final decision for purposes of this appeal.  *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).

[4] The parties fully set forth the background of this case, including the medical history, in their memoranda.  The court does not repeat this background in full detail.

2014.  The ALJ rendered an unfavorable decision finding Plaintiff not disabled within the meaning of the Act.[5]  Plaintiff requested review by the Appeals Counsel and her request was denied on December 28, 2015, making the ALJ's decision final for purposes of review.[6]

The ALJ determined that Plaintiff has severe physical impairments of pain disorder with psychological and general medical condition factors, diabetes mellitus, degenerative disc disease of the lumbar spine, and degenerative joint disease of both knees with osteoarthritis.[7]  With regard to claimed mental impairments the ALJ found that Plaintiff has mild restriction in her activities of daily living, moderate difficulties in social functioning, moderate difficulties with regard to concentration, persistence or pace, and no episodes of decompensation.[8]  The ALJ determined that Plaintiff did not meet or equal a listing and that Plaintiff had the RFC to perform a range of sedentary, unskilled work with additional limitations.[9]  Plaintiff's RFC and ailments precluded her from performing any past relevant work.[10]  Finally, the ALJ concluded that Plaintiff could perform sedentary unskilled work of a media cutter and paster, office label addresser, and final assembler—all of which have jobs in the national economy.[11]  Thus, the ALJ found Plaintiff non-disabled.

---

[5] *See* Tr. 31.  "Tr." Refers to the official transcript of the record before the Court.

[6] 20 C.F.R. § 404.981.

[7] *See* Tr. 23.

[8] *See* Tr. 24-25.

[9] *Id.*

[10] Tr. 29.

[11] Tr. 29-30.

## STANDARD OF REVIEW

The Court reviews "the ALJ's decision only to determine whether the correct legal standards were applied and whether the factual findings are supported by substantial evidence in the record."[12] "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[13] "It requires more than a scintilla, but less than a preponderance."[14]

Additionally, the ALJ is required to consider all of the evidence; however, the ALJ is not required to discuss all the evidence.[15] In reviewing the ALJ's decision the Court evaluates the record as a whole, including that evidence before the ALJ that detracts from the weight of the ALJ's decision.[16] The Court, however, may neither "reweigh the evidence [n]or substitute [its] judgment for the [ALJ's]."[17] Where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed.[18] Further, the Court "may not 'displace the agenc[y's] choice between two fairly conflicting views, even though the Court would justifiably have made a different choice had the matter been before it de novo.'"[19]

---

[12] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006).

[13] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted).

[14] *Id.*

[15] *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2000).

[16] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[17] *Lax*, 489 F.3d at 1084 (citation omitted).

[18] *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

[19] *Lax*, 489 F.3d at 1084 (quoting *Zoltanski*, 372 F.3d at 1200).

**DISCUSSION**

In this appeal Plaintiff argues the ALJ erred in: (1) failing to discuss and incorporate his findings of moderate mental impairments at steps 2 and 3 into his RFC finding; (2) that his credibility finding is not supported with substantial evidence; and (3) finding a significant numbers of jobs exist which Plaintiff can perform.

First, Plaintiff contends that the ALJ erred in failing to discuss and incorporate his findings of moderate mental impairments at steps 2 and 3 into his RFC finding.  The Tenth Circuit has found that a "finding of moderate limitations at step three 'does not necessarily translate to a work related functional limitation for the purposes of RFC assessment.'"[20]  Further, the Tenth Circuit has found that an ALJ properly accounts for a claimant's moderate limitations in concentration, persistence and pace in the RFC assessment by limiting [her] to unskilled work.[21]

Here, ALJ narrowly tailored the RFC assessment with additional limitations, and a number of those limitations accounted for Plaintiff's limitations in social functioning and concentration, persistence and pace.[22]  In doing so, the ALJ specified in the hypothetical to the Vocation Expert ("VE") that Plaintiff could perform unskilled work, and only work in a low stress environment, a low production level job, cannot work with the general public, only have occasional contact with supervisors and coworkers, only occasional changes in a routine work

---

[20] *Patterson v. Colvin,* 662 Fed.Appx. 634, 638 (10th Cir. 2016) (citing *Vigil v. Colvin*, 805 F.3d 1199, 1203 (10th Cir. 2015)).

[21] *Vigil,* 805 F.3d at 1203.

[22] Tr. 25-26.

setting, work at a low concentration level, and work at a low memory level.[23]  These

specifications took into account Plaintiff's claimed mental limitations.  Accordingly, the Court

finds the ALJ's RFC assessment was supported by substantial evidence and properly

incorporated limitations to address Plaintiff's moderate mental impairments identified at steps 2

and 3 of the ALJ's analysis.

Plaintiff also argues that the ALJ failed to adequately consider her pain in making his

RFC determination and insufficiently described Plaintiff's need for a sit/stand option in his

hypothetical to the VE.  Contrary to Plaintiff's argument, the ALJ did consider Plaintiff's need

for a sit/stand option and specified in the RFC form (which is referenced and relied upon in the

ALJ's decision[24]) that Plaintiff was limited to standing or walking up to 10-20 minutes at a time

and sitting up to 45-60 minutes at a time.[25]  The ALJ noted that RFC #1 (in the RFC form) was

the correct RFC for purposes of his decision.[26]  Accordingly, the ALJ's decision adequately

described and considered Plaintiff's need for a sit/stand option, was supported by substantial

evidence, and will not be disturbed by this Court.

Next, Plaintiff contends that the ALJ erred in determining Plaintiff's testimony wasn't

fully credible.  An ALJ must evaluate whether the claimant's descriptions of pain or other

symptoms are credible.[27]  This is a two-step process.  The claimant must first demonstrate a

medically determinable impairment that could "reasonably be expected" to produce the alleged

---

[23] *Id.*

[24] Tr. 26-27.

[25] Tr. 260.

[26] Tr. 27.

[27] *See* 20 C.F.R. § 404.1529(c).

symptoms.[28]  Once the claimant demonstrates such an impairment, the ALJ may consider the

credibility of the claimant's descriptions of symptoms and limitations in light of the entire case

record.[29]  The ALJ may consider factors such as the claimant's daily activities, treatment history,

and the objective medical evidence.[30]  Credibility determinations are the province of the ALJ and

should not be disturbed if supported by substantial evidence.[31]

Here, the ALJ determined that Plaintiff's claimed symptoms and limitations were not

fully credible because Plaintiff's testimony was not reasonably consistent with the medical

record and all other evidence.[32]  Plaintiff told Dr. Swaner during her examination that she cares

for her 4 children (3 under the age of 18), she does 50% of the housework, 60% of the laundry,

and 75% of the cooking.[33]  The ALJ also took note that Dr. Swaner stated that Plaintiff had

described herself as being independent in her basic self-help skill areas and in completing her

activities of daily living.[34]  The ALJ noted Plaintiff's ability to travel and cited to her trip to San

Diego for six days in March 2013.[35]  The ALJ also found that Plaintiff has not always been

compliant with the prescribed treatment for her diabetes.[36]  Her doctors have noted that that

although she does have chronic pain, it is under control with pain management.  The state agency

---

[28] SSR 96-7p, 1996 WL 374186, at *2.

[29] *Id.*

[30] *Id.* at *3.

[31] *See McGoffin v. Barnhart*, 288 F.3d 1248, 1254 (10th Cir. 2002); *Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990).

[32] Tr. 27-28.

[33] Tr. 508.

[34] Tr. 28.

[35] *Id.*

[36] *Id.*

consultants opined that Plaintiff can perform a full range of light work,[37] but the ALJ restricted it to unskilled sedentary work and provided additional limitations, giving Plaintiff the benefit of the doubt.  The Court finds the ALJ's credibility determinations are closely and affirmatively linked to substantial evidence in the record. Therefore, the Court declines Plaintiff's invitation to reweigh the evidence and finds that the ALJ set forth specific reasons for not giving full credit to Plaintiff's testimony.

Finally, Plaintiff contends the ALJ erred by finding a significant number of jobs exist in the national economy which Plaintiff can perform.  The Tenth Circuit has refused to draw a bright line in establishing the number of jobs that would constitute a "significant number."[38] However, the Tenth Circuit has acknowledged that "the number appears to be somewhere between 100 [local jobs], the number of jobs in *Allen*[[39]] that we refused to consider significant for harmless-error purposes, and 152,000 [national jobs], the lowest number of jobs we have considered (in *Stokes*[[40]]) to be sufficient so far for application of harmless error.[41]

Here, the ALJ found that the three jobs identified by the VE totaled 9,150 jobs in the national economy and concluded that equated to a "significant number" of jobs. This number is 6% of the lowest number (152,000 national jobs in *Stokes*) the Tenth Circuit has recognized for application of harmless error.  In this case, where the total number of jobs identified appears to be significantly low for the number of national jobs, the ALJ had a responsibility to look at the

---

[37] Tr. 92.

[38] *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992).

[39] *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir.2004).

[40] *Stokes v. Astrue*, 274 Fed.Appx. 675, 684 (10th Cir.2008).

[41] *Evans v. Colvin*, 640 Fed.Appx. 731, 736 (10th Cir. 2016).

case-specific considerations outlined in *Trimiar*.[42]  In *Trimiar,* the Tenth Circuit (adopting the 8th Circuit criteria) instructed that an ALJ "should consider many criteria in determining whether work exists in significant numbers, so of which might include: the level of the claimant's disability; the reliability of the vocation expert's testimony; the distance claim is capable of traveling to engage in assigned work; the isolated nature of the jobs; the types and availability of such work, and so on."[43]  The record is absent with regard to whether the ALJ considered the *Trimiar* criteria in reaching his conclusion.  Accordingly, this Court remands this matter for the ALJ to specifically consider the *Trimiar* criteria, and based on the foregoing, determine whether there are significant jobs in the national economy for Plaintiff to perform.

ORDER

Based upon the foregoing, with respect to the ALJ's credibility determination and consideration of Plaintiff's mental impairments for purposes of the RFC assessment the Court AFFIRMS the ALJ's decision finding that those portions of the decision are supported by substantial evidence and the correct legal standards were applied.  With respect to the ALJ's determination that a significant number of jobs exist in the national economy, this Court REMANDS the ALJ's decision for further consideration under the *Trimiar* criteria.  The Clerk of the Court is directed to enter judgment and close this case.

DATED this 20 March 2017.

Brooke C. Wells
United States Magistrate Judge

---

[42] *Allen,* 357 F.3d at 1144 (10th Cir. 2004).

[43] *Trimiar,* 966 F.2d at 1330 (10th Cir. 1992) (citing *Jenkins v. Bowen,* 861 F.2d 1083, 1087 (8th Cir. 1988)).